John Shaw
Midori Shaw
3632 Fellowship Road
Middleton, WI 53562
608-209-0029
johnkshaw@outlook.com
*In Pro Per*

**FILED**

JAN 31 2023

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>RONALD LOVE,<br><br>                Debtor(s).<br><br>_____<br><br>John K. Shaw, an individual;<br>Midori G. Shaw, an individual:,<br><br>                Plaintiffs,<br><br>    vs.<br><br>Ronald Love, an individual;<br>Dianne E. Davis, an individual;<br>and DOES 1-10.<br><br>                Defendants. | **CASE NO: 8:22-BK-11781 MH**<br><br>**CHAPTER: 13**<br><br>**ADV. NO.:**<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR**<br><br>**Under California Civil Code §3439 et seq., Common Law, 11 U.S.C. §§§§523(a)(6), 548(e), 550(a) and 727(a)(4)** |

///

Plaintiffs John Shaw and Midori Shaw allege:

## I.    <u>PARTIES</u>

1.    John and Midori Shaw are individuals and are a married couple.

2.    Plaintiffs are the assignees of all right, title and interest of Shipshape Collective of Fitchburg, LLC, a Wisconsin limited liability company, to that certain Judgment entered against Ronald Love in the United States District Court for the Central District of California in the action entitled *John K. Shaw, et al. v. Ultimate Franchises, Inc. et al. No. 8:18-cv-02273-JLS-ADS.*

3.    Defendants Ronald Love and Dianne E. Davis are individuals and Plaintiffs are informed and believe them to be a married couple.

4.    Plaintiffs do not know the true names and capacities of defendants sued as DOES 1 – 10, and therefore sue them by these fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities and the true names and capacities of other fictitiously named defendants after they are ascertained. Each fictitiously named defendant is responsible in some way for the occurrences alleged, and Plaintiffs' damages were proximately caused by these defendants.

## II.    <u>JURISDICTION AND VENUE</u>

5.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334.

6.    This is a core proceeding pursuant to 28 U.S.C. §§§157(b)(2)(H), (I) and (J).

7.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §1409(a).

8.    This adversary proceeding is related to a bankruptcy case under Chapter 13 that is pending in this district, Case No.:  8:22-BK-11781 MH.

9.    This adversary proceeding is commenced pursuant to 11 U.S.C. §523(c) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (Bankruptcy Rules) 4007 and 7001(6). Plaintiffs' State of California claims for Fraudulent Transfer, subject to automatic stay, were originally filed on 10/12/22 in the Superior Court of the State of California. (See Exhibit E attached hereto and incorporated here by this reference.).

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

### III.  **BACKGROUND**

10. Plaintiffs are the holders of a Final Stipulated Judgment ("Stipulated Judgment") against Defendant Ronald Love entered on August 13, 2021 in the United States District Court for the Central District of California. A copy of the Stipulated Judgment is attached hereto as Exhibit A and incorporated here by this reference.

11. Abstract of Judgment/Order was recorded in Official Records, Orange County, California on December 6, 2021. A copy of the Abstract of Judgment/Order is attached hereto as Exhibit B and incorporated here by this reference.

12. Plaintiffs are the assignees of all right, title and interest of Shipshape Collective of Fitchburg, LLC in the Stipulated Judgment. As such, John Shaw and Midori Shaw together own all right, title and interest in the Stipulated Judgment.

13. The original Stipulated Judgment amount is $100,000. The Stipulated Judgment bears interest.

14. Plaintiffs and Defendant Ronald Love entered into the Stipulated Judgment pursuant to the Confidential Settlement Agreement and Release ("Settlement Agreement") entered between the parties on May 18, 2021. A copy of the Settlement Agreement is attached hereto as Exhibit C and incorporated here by this reference.

15. Under the Settlement Agreement, Defendant Ronald Love agreed to provide Plaintiffs "a declaration regarding his assets and income, under penalty of perjury." *See* Settlement Agreement, ¶6.

16. In the paragraph entitled "Liquidated Damages for False or Fraudulent Declaration" the Settlement Agreement provides:

> "Love represents that he has conducted a full investigation into his assets and that all of those assets are reflected in the Love Declaration. Love acknowledges that Plaintiffs are relying on the completeness and accuracy of the Love Declaration in deciding to enter into this Agreement. The Parties agree any materially false, misleading, or fraudulent testimony in the Love Declaration, including an understatement of the total value of Love's assets by more than $10,000 or a misrepresentation as to the party in control or possession of real property ("Material Misrepresentation") would constitute breach of this agreement. The Parties further agree that if Plaintiffs bring an action against Love for breach of this Settlement Agreement, Plaintiff's total damages for a Material Misrepresentation in the Love Declaration shall be the stipulated sum of three hundred

- 3 -

thousand dollars ($300,000) ("Liquidated Damages"), and that such Liquidated Damages shall be in addition to any amounts already collected or collectable from Love by Plaintiffs under the stipulated judgment…" *Id.* at ¶11.

"The parties hereto acknowledge and agree that it would be impracticable to determine precisely the damages Plaintiffs would incur from a materially false, misleading, or fraudulent Declaration by Love due to among other things, the difficulty of predicting exactly the outcome of a trial of Plaintiff's claims or the amount of damages that would be awarded at such trial, if any. The parties hereto consider the Liquidated Damages to be a reasonable, good faith pre-estimate of those damages, and not a penalty." *Id.*

17. The Settlement Agreement includes a provision entitled "Applicable Law," which provides, in its entirety: "This Agreement and its application will be governed by the laws of the State of Wisconsin." *See* Settlement Agreement ¶13.

18. On May 18, 2021, pursuant to paragraph 6 of the Settlement Agreement, Defendant Ronald Love executed the Ron Love Declaration re Assets and Income ("Financial Declaration"). A copy of the Financial Declaration is attached hereto as Exhibit D and incorporated here by this reference.

19. In paragraph 10 of his Financial Declaration, Defendant Ronald Love declared under penalty of perjury:

"My wife and I are co-trustees of the Love Revocable Trust, Dated August 6, 2002. ("Trust"). Property in the Trust consists solely of $10.00 cash, which is designated as Community Property, and my wife's sole and separate real property, which is expressly designated in the Trust as her sole and separate real property. Under the terms of the Trust, separate property transferred into the Trust retains its character as separate property and such separate property, including the property's income and proceeds for its sale or exchange remains separate property."

20. In paragraph 11 of his Financial Declaration, Defendant Ronald Love declared under penalty of perjury:

"I do not currently own any real property. My current residence at 2004 Greenleaf in Santa Ana, California ("Greenleaf Property") was purchased by my wife in 1996 before our marriage. In August of 2017, the Greenleaf Property was designated in the Trust documents as my wife's separate property. In September of 2017, I signed a series of deeds 1) transferring the Greenleaf Property from the trust to myself and my wife as joint tenants; and then 2) transferring all of my 50% undivided interest to my wife as her sole and Separate Property. In December of 2018, I signed a series of deeds in connection with a refinance of the Greenleaf Property. These deeds were signed on the same day and the final deed granted the property to my wife as her sole and separate property. My wife then signed a deed transferring the Greenleaf Property to the Trust, as her Sole and Separate Property and the Greenleaf Property remains designated in the Trust documents as my wife's separate property."

21. In paragraph 12 of his Financial Declaration, Love declared under penalty of perjury:

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

"I purchased the real property located at 2028 N. Victoria Drive, Santa Ana, California ("Victoria Property") in the year 2000. Since at least April of 2015, the Victoria Property was designated in the Trust documents as community property. I signed an Interspousal Transfer Grant Deed in December of 2018 in connection with a refinance transaction that purported to transfer to the property to my wife as her sole and separate property. In October of 2019, the Victoria Property remained designated in the Trust documents as my wife's separate property. My wife and I sold the Victoria Property as trustees of the Trust in July of 2020 and split the gross proceeds 50/50. Other than minimal amounts that remain in my bank accounts described in paragraph 7 above, my entire share of the proceeds from the Victoria Property was spent to pay off attorney's fees and other debts and expenses to third parties. None of my share of the Victoria proceeds was paid to any entities that I or my wife own, control or have any interest in."

22. Lastly, in paragraph 13 of his Financial Declaration, Defendant Ronald Love declared under penalty of perjury:

"Currently, I do not own or control any of the property held in the Trust (except for my community property interest in the $10.00) (*sic*) Other than the transactions described above, neither I nor any trust or other entity owned or controlled by me has transferred any assets valued at $1,000 or more within the past three years to other individuals or trusts."

23. Defendant Ronald Love is fully aware and informed of and has failed to pay the Stipulated Judgment.

24. Plaintiffs are informed and believe and allege that Defendant Ronald Love has divested and disposed assets for the purpose of rendering himself unable to pay the Stipulated Judgment and for the purpose of delaying payment of the Stipulated Judgment.

25. Plaintiffs are informed and believe that Defendant Ronald Love and his spouse Defendant Dianne E. Davis, own real property at 2004 Greenleaf Street, Santa Ana, California 92706 ("Greenleaf Property.")

26. Plaintiffs are informed and believe that Defendant Ronald Love and his spouse Defendant Dianne E. Davis, owned real property at 2028 N. Victoria Drive, Santa Ana, California ("Victoria Property.") until selling the Victoria Property in July of 2020.

27. In and prior to December 2018 Defendant Ronald Love was aware of claims by Plaintiffs and others arising from prior business relationships.

28. December 11, 2018 was one day prior to Plaintiffs filing a lawsuit against Defendant Ronald Love and other Defendants. On or about December 11, 2018 Defendant Ronald Love purported to transfer both the Greenleaf Property and the Victoria Property to Defendant Dianne

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

1  E. Davis purportedly as her separate property.

2      29. Defendant Dianne E. Davis was and is Defendant Ronald Love's spouse and was and

3  is a knowing and willing participant in Defendant Ronald Love's actions to conceal the

4  Greenleaf Property and the Victoria Property and seek to place the Greenleaf Property and the

5  Victoria Property out of reach of creditors.

6      30. Plaintiffs are informed and believe Defendants Ronald Love and Defendant Dianne E.

7  Davis effectuated the conveyance in anticipation of Plaintiffs' complaint.

8      31. Throughout the pendency of the litigation Defendants purported to make multiple

9  transfers of interests back and forth in and out of their Trust and to Defendant Dianne E. Davis

10  purporting to be as separate property, but ostensibly not to Defendant Ronald Love as separate

11  property.

12      32. Plaintiffs are informed and believe that Defendant Ronald Love purported to move

13  the Greenleaf Property and Victoria Property and/or interests therein to conceal the Greenleaf

14  Property and Victoria Property and transfers and seek to place the both properties out of reach of

15  creditors, including Plaintiffs.

16      33. Plaintiffs have been damaged and continue to be damaged and have incurred damages

17  in delay of payment of the Judgement.

18      34. In addition to the original Stipulated Judgment amount of $100,000, Defendant

19  Ronald Love triggered the $300,000 liquidated damages provision in the Settlement Agreement

20  by materially misrepresenting his assets, specifically his ownership interests in both the Victoria

21  Property and Greenleaf Property, in his Financial Declaration as required under the terms of the

22  Settlement Agreement. The Stipulated Judgment and liquidated damages provision in the

23  Settlement Agreement bear interest.

24

25

26

27

28

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

# I.    FIRST CLAIM FOR RELIEF

### Fraudulent Transfer Under Uniform Voidable Transfer Act (California Civil Code § 3439 et seq.)

### By All Plaintiffs Against All Defendants and Does 1-10

35. All above allegations are incorporated here by this reference.

36. Section 3439.04 subdivision (a), states in relevant part:

"A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation … (1) With action intent to hinder, delay, or defraud any creditor of the debtor… (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business transaction. (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."

35. On information and belief Defendants intentionally and knowingly engaged in the above acts which resulted in Defendant Ronald Love's assets purporting to be transferred to Defendant Dianne E. Davis with no consideration or inadequate consideration exchanged. This resulted in fraudulent transfer(s) intended to and that delayed and/or prevented Plaintiffs from collecting the Stipulated Judgment.

36. The actions were accomplished by and through various actions and transactions by and among the individual defendants, with actual intent to hinder, delay, or defraud Plaintiffs, in violation of Civil Code section 3439.04(a)(1).

37. Additionally, and in the alternative, Plaintiffs are informed and believe that Defendants transferred assets with no consideration or inadequate consideration exchanged.

38. These acts were done to prevent or delay Plaintiffs from collecting on the Stipulated Judgment and/or hindered or delayed Plaintiffs' ability to collect.

39. On information and belief in connection with these actions, Defendant Ronald Love did not receive reasonably equivalent value of the assets, in violation of section 3439.04(a)(2) of the Civil Code.

40. On information and belief, these actions and transactions to transfer the Greenleaf

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

1    Property and Victoria Property and/or interests therein were intended by Defendants to benefit

2    the individual Defendants at the expense of Plaintiffs.

3        41. Plaintiffs are informed and believe and, on that basis, allege in anticipation or because

4    of Plaintiffs' complaint against Defendant Ronald Love, Defendant Ronald Love transferred the

5    Greenleaf Property and Victoria Property or interest(s) therein to Defendant Dianne E. Davis, at

6    which point he became insolvent. There was no consideration or inadequate consideration paid

7    or given for the transfer.

8        42. Pursuant to Civil Code section 3439.04(b), the following factors indicate Defendants

9    acted with intent to defraud Plaintiffs: (1) transfers were made to one or more insider(s); (2) each

10   and both Defendants retained possession or control of the property transferred after the transfer;

11   (3) one or more transfers of property and/or interests in property were not disclosed and were

12   concealed; (4) transfer(s) occurred at times when Defendant Ronald Love was aware he was

13   threatened with suit and/or had been sued; (5) the transfer(s) was a substantial part of and/or was

14   substantially all Defendant's assets; (6) Defendant on information and belief removed and/or

15   concealed assets; (7) on information and belief no value or insufficient value of consideration

16   was given to and/or received by Defendant, not reasonably equivalent to the value of the

17   property or interest(s) transferred; (8) Defendant was insolvent or became insolvent at or upon or

18   after the transfer(s); (9) one or more transfer(s) occurred shortly before or shortly after a

19   substantial debt was incurred.

20       43.    The above facts demonstrate that one or more of the transfers was fraudulent.

21       44.    As a result of fraudulent transfer(s), Plaintiffs are hindered and delayed in collecting

22   on the Stipulated Judgment against Defendant Ronald Love.

23       45.    Plaintiffs suffered or will suffer damages in the amount of the Stipulated Judgment

24   or portion of the Judgment as to which collection is delayed or not collected, together with the

25   liquidated damages provided for in the Settlement Agreement, accrued interest on the Stipulated

26   Judgment and liquidated damages, and Plaintiff's reasonable collection costs.

27       46.    Pursuant to section 3439.07 of the Civil Code, Plaintiffs are entitled to an order

28

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

avoiding the transfers between, to and from Defendants Ronald Love to Defendant Dianne E. Davis.

47.    Pursuant to section 3439.07(A) of the Civil Code, Plaintiffs are entitled to an injunction against further disposition by the debtor or a transferee, or both, of the assets transferred or other property of the transferee.

48.    Pursuant to section 3439.07(B) of the Civil Code, Plaintiffs are entitled to the appointment of a receiver to take charge of the assets transferred or other property of the transferee.

49.    Pursuant to section 3439.07(C) of the Civil Code, Plaintiffs are entitled to any other relief the circumstances may require.

50. Defendants' actions and conduct were oppressive, fraudulent and malicious, done with conscious indifference to the consequences and for the purpose of injuring and damaging Plaintiffs, conducted with the intent and purpose to prevent and delay Plaintiffs from collecting on the Stipulated Judgment and to cause harm and damages to Plaintiffs, justifying punitive damages.

51. Pursuant to California Code of Civil Procedure section 685.040 and/or general fraudulent conveyance law, (See e.g., *Filip v. Bucurenciu,* 129 Cal.App. 4th 825, 839-40 (2005)), Plaintiffs are entitled to attorney's fees and costs due to Defendants actions.

## II.    SECOND CLAIM FOR RELIEF

### For Common Law Fraudulent Conveyance

### By Plaintiffs Against All Defendants and Does 1-10

52. All above allegations are incorporated here by this reference.

53. Defendants are liable for common law fraudulent conveyance as to Plaintiffs by deliberately participating in a scheme to transfer real property, shielding Defendants' assets and preventing Plaintiffs from enforcing the Stipulated Judgment against Defendant Ronald Love.

54. Plaintiffs suffered damages and are likely to suffer additional damages resulting from Defendants' conduct. Plaintiffs are hindered in recovering, or are unable to recover on, the

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

1  Stipulated Judgment and are incurring loss of use of funds they could otherwise recover, along

2  with fees, costs and other expenses in order to redress Defendants' conduct.

3      55. At all times mentioned, Defendants knew of each other's actions and intended actions

4  against Plaintiffs, know of Defendants' resultant obligation to Plaintiffs, and knew Plaintiffs'

5  claims could be satisfied out of the Greenleaf Property and Victoria Property transferred by

6  Defendants.

7      56. Notwithstanding this knowledge, Defendants intentionally, willfully, fraudulently,

8  and maliciously did the things alleged to defraud and oppress Plaintiffs. Plaintiffs are entitled to

9  exemplary or punitive damages in the sum to be proven at trial against Defendants.

10      57. Pursuant to California Code of Civil Procedure section 685.040 and/or general

11  fraudulent conveyance law, (*See* e.g., *Filip v. Bucurenciu*, 129 Cal.App. 4th 825, 839-40 (2005))

12  Plaintiffs are entitled to attorney's fees and costs due to Defendants actions.

### III.    THIRD CLAIM FOR RELIEF

#### For Common Law Breach of Contract

#### By Plaintiffs Against Defendant Ronald Love

16      58. All above allegations are incorporated here by this reference.

17      59. On May 18, 2021, Defendant Ronald Love entered into the Settlement Agreement

18  with Plaintiffs as described herein and attached as Exhibit C.

19      60. Defendant Ronald Love breached and repudiated the Settlement Agreement in

20  numerous material respects, including, without limitation, the following:

21          a.  by failing and refusing to remit to Plaintiffs the sum of $100,000 as required

22              by the Stipulated Judgment as required by paragraph 5 of the Settlement

23              Agreement;

24          b.  by materially misrepresenting his ownership interests in the Greenleaf

25              Property and the Victoria Property in his Financial Declaration in violation of

26              paragraph 5 of the Settlement Agreement;

27          c.  by providing materially false, misleading, or fraudulent testimony in his

28

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

Financial Declaration related to his true ownership interests in the Greenleaf

Property and the Victoria Property, by materially misrepresenting the total

value of his assets by more than $10,000 and/or by misrepresenting the party

in control of possession of real property, specifically the Greenleaf Property

and the Victoria Property, in violation of paragraph 11 of the Settlement

Agreement.

61. Plaintiffs have fully performed all their covenants and obligations under the
Settlement Agreement.

62. Implicit in the Settlement Agreement is a covenant of good faith and fair dealing
obligating the parties to act towards each other in good faith, to deal fairly with one another, to
make all material disclosures, and not to do anything which might deprive the other of the
expectations and benefits of the Settlement Agreement and obligating each party to do
everything that the Settlement Agreement presupposes to accomplish its purposes. For the
reasons stated herein, Defendant Ronald Love has breached the covenant of good faith and fair
dealing.

63. As a direct and proximate result of Defendant Ronald Love's breaches as described
herein, Plaintiffs have been damaged in an amount to conform to proof at trial, but not less than
the original Stipulated Judgment of $100,000.00, the $300,000 in liquidated damages pursuant to
the Settlement Agreement, plus interest as allowed by law, and attorneys' fees and costs as
provided by law.

## IV.    **FOURTH CLAIM FOR RELIEF**

### **11 U.S.C. §523(a)(6)**

64. Plaintiffs incorporate all above paragraphs by this reference.

65. On or about December 11, 2018 and thereafter Defendants Ronald Love and
Defendant Dianne E. Davis caused injury to Plaintiffs by making multiple conveyances of both
the Greenleaf Property and the Victoria Property to The Love Revocable Trust and to Defendant
Dianne E. Davis purporting both properties to be her separate property, but never to Defendant

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

Ronald Love as separate property.

66. Plaintiffs are informed and believe that Defendants purported to move both properties and/or interests therein to conceal both properties and place both properties out of the reach of creditors, including Plaintiffs.

67. Defendants' actions were wrongful, intentional, caused injury to Plaintiffs and were done without just cause or excuse. Defendants committed willful and malicious fraud, causing harm to Plaintiffs.

68. Defendants knew that injury was substantially certain to occur as a result of their conduct and injuries did occur. Plaintiffs have been damaged, continue to be damaged and have incurred damages in delay of payment of the Stipulated Judgement. In addition to the original Stipulated Judgment amount of $100,000, Defendant Ronald Love triggered the $300,000 liquidated damages provision in the Settlement Agreement by materially misrepresenting his assets, specifically his ownership interests in both the Victoria Property and Greenleaf Property in his Financial Declaration, as required under the terms of the Settlement Agreement.

69. The Debt is not dischargeable under section 523(a)(6) of the Bankruptcy Code.

## V.    **FIFTH CLAIM FOR RELIEF**

### **11 U.S.C. §548(e)**

70.  Plaintiffs incorporate all above paragraphs by this reference.

71.  Defendants, with intent to hinder, delay, and/or defraud a creditor or creditors, and/or the trustee and court, concealed and/or permitted to be concealed, property of the debtor by transferring Defendant Ronald Love's interest in said property within ten years before the date of filing the petition.

72. The relevant property transfers were made to a self-settled trust or similar device, specifically The Love Revocable Trust.

73. Defendant Ronald Love initiated the transfers of his interests in the Greenleaf Property and the Victoria Property to The Love Revocable Trust.

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

74. Defendant Ronald Love and Defendant Dianne E. Davis are co-trustees of The Love Revocable Trust, and both are beneficiaries of The Love Revocable Trust.

75. Defendant Ronald Love transferred his interests in the Greenleaf Property and the Victoria Property with actual intent to hinder, delay, and/or defraud creditor Plaintiffs to whom Defendant Ronald Love became indebted on or after the date that both transfers were made.

76. The Greenleaf Property and the Victoria Property transferred, or the value of the properties transferred, is avoidable under section 548 of the Bankruptcy Code.

## VI.    SIXTH CLAIM FOR RELIEF

### 11 U.S.C. §550(a)

77. Plaintiffs incorporate all above paragraphs by this reference.

78. Section 550 of the Bankruptcy Code provides that if a transfer is avoided under section 548 of the Bankruptcy Code, Plaintiff may recover the property or, if the court orders, the value of the property transferred from the initial transferee(s) or any immediate or mediate transferee of such initial transferee.

79. Defendants Ronald Love and Defendant Dianne E. Davis initiated the transfers of Defendant Ronald Love's interests in the Greenleaf Property and the Victoria Property to The Love Revocable Trust. The Love Revocable Trust is the initial transferee for whose benefit the transfer was made.

80. Defendant Ronald Love and Defendant Dianne Davis are co-trustees of The Love Revocable Trust and both are beneficiaries of The Love Revocable Trust.

81. The Greenleaf Property and the Victoria Property transferred or the value of the properties transferred is avoidable under section 548 of the Bankruptcy Code and is recoverable for the estate under section 550 of the Bankruptcy Code.

## VII.    SEVENTH CLAIM FOR RELIEF

### 11 U.S.C. § 727(a)(4)

82. Plaintiffs incorporate all above paragraphs by this reference.

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

83.  Defendant and debtor Ronald Love knowingly and fraudulently, in or in connection with the case made a false oath or account.

84. Defendant Ronald Love did this by knowingly and fraudulently omitting valuable assets from the bankruptcy schedules, specifically the Greenleaf Property and Victoria Property and/or interests therein.

85. This included failing to list the assets in the schedule thereby concealing them from creditors, the trustee and court.

86. Therefore, pursuant to 11 U.S.C. §§727(a)(4), Defendant and debtor Ronald Love should not receive a bankruptcy discharge.

## VIII.    **PRAYER FOR RELIEF**

Plaintiffs pray that the Court:

87. Determine that Defendants transfers of the Greenleaf Property and the Victoria Property were fraudulent and are voidable pursuant to California Civil Code §3439 et. seq. and California Common Law for Fraudulent Conveyance.

88. Determine that Defendant Ronald Love breached and repudiated the Settlement Agreement.

89. Determine that the debt owed by Defendant to Plaintiffs is not dischargeable pursuant to 11 U.S.C. §523(a)(6).

90. Determine that Defendants transfers of the Greenleaf Property and the Victoria Property are avoidable pursuant to 11 U.S.C. §548(e).

91. Determine that the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from The Love Revocable Trust, the Defendants/debtor and/or any immediate or mediate transferee of such initial transferee pursuant to 11 U.S.C. §550(a).

92. Determine that Defendants are not entitled to a discharge, pursuant to 11 U.S.C. § 727(a)(4).

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

93. Grant judgment in favor of Plaintiffs and against the Defendants in an amount according to proof including, but not limited to, the $100,000 Stipulated Judgement and $300,000 in liquidated damages.

94. For temporary, preliminary and permanent injunctive relief, enjoining and restraining Defendants and all persons in concert with them, mandatorily and prohibitorily, from selling, conveying, or otherwise disposing of the Greenleaf Property and any assets acquired from proceeds and/or prior assets acquired from proceeds from the sale of the Victoria Property.

95. For punitive damages.

96. For interest according to law.

97. For attorney fees as may be allowed by law.

98. For costs of suit incurred herein.

99. For such other and further relief as this court may deem just and proper.

Date:  January 27, 2023

By: _____
John Shaw, Plaintiff in Pro Per

By: _____
Midori Shaw, Plaintiff in Pro Per

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, FOR BREACH OF CONTRACT
AND TO DETERMINE DISCHARGEABILTY OF DEBT AND DISCHARGEABILITY OF DEBTOR

# Exhibit A



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN K. SHAW, an individual; MIDORI G. SHAW, an individual and SHIPSHAPE COLLECTIVE OF FITCHBURG, LLC, a Wisconsin limited liability company, | Case No.: 8:18-cv-02273-JLS-ADS JUDGE JOSEPHINE L. STATON |
| Plaintiffs, | **FINAL STIPULATED JUDGMENT RE DEFENDANT LOVE** |
| vs. | |
| ULTIMATE FRANCHISES, INC., a California corporation; ULTIMATE BRANDS, INC., a California corporation; 2ULITIMATEBRANDS, a California corporation; W. SCOTT GRIFFITHS, an individual; LORETTA HWONG GRIFFITHS, an individual; RON LOVE, an individual and BRIGITTE LOVE THEWES, an individual, | |
| Defendants. | |

/ / /

/ / /

- 1 -

## STIPULATED FINAL JUDGMENT RE DEFENDANT RON LOVE

Plaintiffs John K. Shaw, Midori G. Shaw, Shipshape Collective of Fitchburg, LLC (collectively, "Plaintiffs") have brought this action against ULTIMATE FRANCHISES, INC., ULTIMATE BRANDS, INC., 2ULTIMATE BRANDS, INC., W. SCOTT GRIFFITHS, LORETTA HWONG GRIFFITHS, RON LOVE ("Love"), and BRIGITTE LOVE THEWES. Plaintiffs have settled their claims against Love pursuant to a written settlement agreement and have stipulated to entry of this Judgment.

JUDGMENT IS HEREBY ENTERED as follows:

1. Judgment is entered against Defendant Ron Love and in favor of Plaintiffs in the amount of $100,000.

2. This Judgment shall not be considered or used as an admission, concession, or declaration by or against Defendants, of any liability, wrongdoing, or responsibility on the part of Love, which liability, wrongdoing, or responsibility is expressly denied by Love.

3. Plaintiffs and Love shall each bear their own costs and attorney fees incurred in this action.

DATED: August 13, 2021

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

# Exhibit B

*WHEN RECORDED MAIL TO:*

John K. Shaw
3632 Fellowship Road
Middleton, WI 53562

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||  17.00
* $ R 0 0 1 3 3 8 0 6 9 5 3 *
2021000734170 1:45 pm 12/06/21
318 507A A03   1
0.00 0.00 0.00 0.00 0.00 10.00 0.00 0.000 0.000 .00 0.00

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

John K. Shaw, et al.

                                    PLAINTIFF(S),

        v.

Ultimate Franchises, Inc., et al.

                                    DEFENDANT(S).

CASE NUMBER:

CV 8:18-cv-02273-JLS-ADS

**ABSTRACT OF JUDGMENT/ORDER**

---

I certify that in the above-entitled action and Court, Judgment/Order was entered on  August 13, 2021
in favor of  John K. Shaw, et al.
whose address is 3632 Fellowship Road, Middleton, WI 53562
and against  Ron Love
whose last known address is 2004 Greenleaf Street, Santa Ana, CA 92706
for $ 100,000.00          Principal,   $ 0              Interest,   $ 0                    Costs,
and $ 0                    Attorney Fees.

ATTESTED this        4ᵗʰ        day of   November       , 20 21.
Judgment debtor's driver's license no. and state;                          (last 4 digits) ☑ Unknown.
Judgment debtor's Social Security number;                                   (last 4 digits) ☑ Unknown.
☑  No stay of enforcement ordered by Court
☐  Stay of enforcement ordered by Court, stay date ends

Judgment debtor's attorney's name and address and/or
address at which summons was served:

Ronald V. Larson, Esq.

Grant, Genovese & Baratta, LLP

2030 Main Street, Suite 1600, Irvine, CA 92614

CLERK, U.S. DISTRICT COURT

By  _____
              Deputy Clerk

                                                          1136

---

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN
AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)                    ABSTRACT OF JUDGMENT/ORDER

# Exhibit C

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

**THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE** ("Settlement Agreement") was made and entered into effective the [ ] day of [ ], 2021, by and among John K. Shaw, Midori G. Shaw and Shipshape Collective of Fitchburg, LLC (collectively, "Plaintiffs") and Ron Love ("Love"). Plaintiffs and Love may be referred to herein collectively as the Parties or individually as a Party.

### Recitals

WHEREAS, on or about December 21, 2018, Plaintiffs filed a complaint (the "Complaint") against Love and other defendants in the United States District Court for the Central District of California, Case No. 8:18-cv-02273-JLS-ADS (the "Litigation").

WHEREAS, in the Complaint, Plaintiffs asserted claims against Love for fraud, fraud by omission, and Violations of California Franchise Investment Law.

WHEREAS, on or about March 26, 2020, Plaintiffs filed a First Amended Complaint (the "Amended Complaint"). In the First Amended Complaint, Plaintiffs added a cause of action for Violations of California Unfair Trade Practices Act;

WHEREAS, on or about April 9, 2020, Love filed an Answer to Plaintiffs' First Amended Complaint with Affirmative Defenses and Cross-claims, in which Love denied any liability to Plaintiffs; and

WHEREAS, the Parties now desire to settle the Litigation as it pertains to Love, as more fully set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties hereto agree to be bound by this Agreement in accordance with the terms set forth below:

1.      **Incorporation of Recitals**. The foregoing recitals are incorporated herein by reference and made a part hereof.

2.      **No Admission of Liability**: Plaintiffs and Love agree and acknowledge that this Agreement is the result of compromise and shall not be construed as an admission of any liability, wrongdoing, or responsibility on the part of Love, which liability, wrongdoing, or responsibility is expressly denied.

1

3.    **Confidentiality**: Plaintiffs and Love agree that the terms and conditions of this Settlement Agreement are a private matter, the terms of which shall not be divulged in any form to others. Accordingly, Plaintiffs and Love hereby agree that, except as required by valid legal process, neither Plaintiffs nor Love will not disclose, disseminate and/or publicize or cause to be disclosed, disseminated and/or publicized this Settlement Agreement, any of its terms or the discussions which have led up to this Agreement to anyone, with the exception of the parties' immediate family members, attorneys and financial or tax advisors, on an as needed basis, who shall agree in advance to not divulge to any other third party any of the terms or conditions of this Settlement Agreement.

4.    **Settlement**.  The Parties agree to settle the Litigation as it pertains to Love in consideration for: (i) the parties entering into a stipulated judgment as provided in Paragraph 5 hereof; (ii) Love providing a declaration as to his assets and income, under penalty of perjury as provided in Paragraph 6 hereof; (iii) Love cooperating with Plaintiffs by providing testimony against other defendants in the Litigation as provided in Paragraph 7 hereof; (iv) the release provided in Paragraph 8 hereof; and (v) the other covenants, releases, and agreements of the Parties as set forth in this Settlement Agreement.

5.    **Stipulated Judgment**.  Love and Plaintiffs shall enter into a stipulated judgment in the form attached hereto as Exhibit A (the "Stipulated Judgment") and file the same with the United States District Court for the Central District of California within five (5) days of signing this Settlement Agreement.

6.    **Declaration of Assets**.  Love shall provide to Plaintiffs a declaration regarding his assets and income, under penalty of perjury, in the form attached hereto as Exhibit B (the "Love Declaration").

7.    **Cooperation with Ongoing Litigation**. Love shall cooperate with Plaintiffs by providing written and/or oral testimony against other defendants in the Litigation to the extent such actions do not violate bankruptcy or other laws, in particular against Scott Griffiths and Loretta Hwong Griffiths. Love shall testify truthfully as to all information reasonably requested by Plaintiffs, to the extent such information is within his knowledge or experience. Love does not agree to cooperate with respect to any testimony against defendant Brigitte Love Thewes.

8.    **Mutual General Release**.  In consideration for the Stipulated Judgment as provided in Paragraph 3, and in consideration of the covenants, terms and conditions set forth in this Settlement Agreement, the Parties, for themselves and their officers, directors, board members, heirs, beneficiaries, personal representatives, trustees, administrators,

2

legal counsel, agents, employees, and anybody claiming by or through them, hereby release, acquit, remise, and forever discharge each other and their officers, directors, board members, heirs, beneficiaries, personal representatives, trustees, administrators, agents and employees, of and from any and all claims, counterclaims, demands, damages, contributions, indemnities, actions, causes of action, suits, rights to sue, losses, expenses, legal fees, costs, or controversies which the Parties now have or hereafter may have arising from or in any way related to any of the claims which were or could have been raised in the Litigation, from the beginning of the world to the date of this Settlement Agreement, except as necessary to enforce the executory terms and conditions of this Settlement Agreement. This release shall not apply to any claims by Plaintiffs against Love for any fraudulent transfer of assets that occurred prior to the date of this Settlement Agreement.

9.      **Effectiveness**. The Parties agree that the mutual general release in Paragraph 8 shall be effective upon the execution of this Settlement Agreement by the Parties.

10.      **Representation by Counsel; Other Warranties**. The Parties have carefully read this Settlement Agreement, know its contents, and freely and voluntarily agree to all of its terms and conditions.  Each Party acknowledges, represents, and warrants that (i) they have been advised by their own independent counsel with regard to this Settlement Agreement; (ii) that they fully understand each and every term of this Settlement Agreement and the rights and obligations created hereby; (iii) that the persons signing below have authority to execute this Settlement Agreement on behalf of their respective principals; and (iv) that they are signing this Settlement Agreement with full knowledge of its contents and as an informed and voluntary act.

11.      **Liquidated Damages for False or Fraudulent Declaration**.  Love represents that he has conducted a full investigation into his assets and that all of those assets are reflected in the Love Declaration. Love acknowledges that Plaintiffs are relying on the completeness and accuracy of the Love Declaration in deciding to enter into this Agreement. The Parties agree any materially false, misleading, or fraudulent testimony in the Love Declaration, including an understatement of the total value of Love's assets by more than $10,000 or a misrepresentation as to the party in control or possession of real property ("Material Misrepresentation") would constitute a breach of this agreement. The Parties further agree that if Plaintiffs bring an action against Love for breach of this Settlement Agreement, Plaintiffs' total damages for a Material Misrepresentation in the Love Declaration shall be the stipulated sum of three hundred thousand dollars ($300,000) ("Liquidated Damages"), and that such Liquidated Damages shall be *in addition* to any amounts already collected or collectible from Love by Plaintiffs under the stipulated judgment referenced in paragraph 5 above and attached hereto as Exhibit A.

3
{00711699 1}

The parties hereto acknowledge and agree that it would be impracticable to determine precisely the damages Plaintiffs would incur from a materially false, misleading, or fraudulent Declaration by Love due to among other things, the difficulty of predicting exactly the outcome of a trial of Plaintiffs' claims or the amount of damages that would be awarded at such trial, if any. The parties hereto consider the Liquidated Damages to be a reasonable, good faith pre-estimate of those damages, and not a penalty.

12.    **Attorneys' Fees and Costs**. Each Party hereto shall bear all attorneys' fees and costs arising from the actions of its own counsel in connection with the negotiation of this Settlement Agreement and all matters related to the Litigation.

13.    **Applicable Law**. This Agreement and its application will be governed by the laws of the State of Wisconsin.

14.    **Jurisdiction**. In the event of a default or dispute, the Parties agree that exclusive venue shall be in the state or federal courts located in Orange County, California and the Parties waive all questions of and objections to personal jurisdiction and venue for the purposes of carrying out this provision.

15.    **Amendment or Modification; Waiver**. This Settlement Agreement shall not be amended or modified, except by a written document signed by the Parties. Any waiver, to be effective, must be in writing and signed by the Party against whom it is sought to be enforced.

16.    **Binding Effect**. This Settlement Agreement is binding upon and shall inure to the benefit of the Parties, including their respective predecessors, successors, heirs, representatives, administrators, trustees, agents and assigns.

17.    **Headings**. The headings have been included in this Settlement Agreement for convenience of reference only and shall not be construed in interpreting this Settlement Agreement.

18.    **Construction**. The Parties agree that this Settlement Agreement shall not be construed more strictly against one Party than against the other Party by virtue of the fact that this Settlement Agreement may have been drafted or prepared initially by counsel for one of the Parties.

19.    **Severability**. If any provision of this Settlement Agreement shall be held for any reason to be invalid, illegal, or unenforceable in any respect, (i) such invalidity, illegality, or unenforceability shall not affect any other provision of this Settlement

4

{00711699 1}

Agreement; and (ii) this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

20.    **Representation**.  The Parties agree that no representations, other than those set forth expressly herein or in the exhibits hereto, have been made relative to entering into this Settlement Agreement.  No representation of fact or opinion has been made by any Party, or anyone on said Party's behalf outside of this Settlement Agreement, to induce the entry by the Party into this Settlement Agreement which is a compromise of disputed claims.

21.    **Counterparts**.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original for all purposes and all of which shall be taken together to constitute one and the same instrument.

[SIGNATURE PAGE TO FOLLOW]

5
{00711699 1}

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have executed or caused this Settlement Agreement to be executed by their duly authorized representative, as of the day and year first above written.

Date: _____        _____
                                 Ron Love


Date: _____        _____
                                 John K. Shaw


Date: _____        _____
                                 Midori G. Shaw


                                 Shipshape Collective of Fitchburg, LLC

Date: _____
                                 John K. Shaw
                                 Its: Member

6

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have executed or caused this Settlement Agreement to be executed by their duly authorized representative, as of the day and year first above written.

Date: _____       _____
                                     Ron Love


Date: _5 - 19 - 21_____       _____
                                     John K. Shaw


Date: _5 - 14 - 20 21_____       _____
                                     Midori G. Shaw


                                     Shipshape Collective of Fitchburg, LLC

Date: _5 - 19 - 21_____       _____
                                     John K. Shaw
                                     Its: Member


6
{00711092.1}

# Exhibit D

CONFIDENTIAL

PRIVILEGED SETTLEMENT COMMUNICATION

I, Ron Love, declare as follows:

1.  The following facts are within my personal knowledge.

2.  I am currently retired. I am not entitled to deferred compensation from any current or former employers or pursuant to any agreement. My gross monthly income consists entirely of less than $2,100 per month from Social Security.

3.  I do not own a car. I drive a 2019 GMC Yukon XL, which is owned by my wife Dianne's company and subject to a lien in favor of the auto loan lender.

4.  As I have previously testified, I once had a stock certificate which Scott Griffiths verbally told me represented a 25% interest in Ultimate Brands, Inc., but I never received dividends or any other compensation for my interest. Scott later verbally told me my interest in Ultimate Brands was diluted down to about 15% and later down to about 5% as a result of Scott's subsequent capital contributions and his adding new shareholders. To this day, I have never received dividends of any kind or any other compensation for my shares in Ultimate Brands, Inc.

5.  Other than my 30% interest in Salon Rebelle (a business located in Orange, California which is currently the subject of litigation) and

CONFIDENTIAL
PRIVILEGED SETTLEMENT COMMUNICATION

any interest I may have in Ultimate Brands, Inc., I do not own any shares or other interest in any companies or business of any type.

6. I have no ownership interest in any intellectual property or accounts receivable, outstanding promissory notes, or any other type of debt owed to me.

7. My bank accounts consist of one savings and one checking account. The balances are approximately $2,500 in my checking account, and $48 in my savings account. Other than these accounts, I have no banking accounts, brokerage accounts, retirement accounts, funds, annuities, bonds, investments, securities, or other similar accounts either in the US or anywhere else in the world, other than those identified in this declaration.

8. I do not currently have any cash on hand.

9. My personal effects such as my clothing are all of the types normally found in any household and do not have extraordinary value.

10. My wife and I are co-trustees of The Love Revocable Trust, Dated August 6, 2002. ("Trust") Property in the Trust consists solely of $10.00 cash, which is designated as Community Property, and my wife's sole and separate real property, which is expressly designated in the Trust as her separate property. Under the terms of the Trust,

CONFIDENTIAL
PRIVILEGED SETTLEMENT COMMUNICATION
Ron Love Declaration re Assets and Income

CONFIDENTIAL
PRIVILEGED SETTLEMENT COMMUNICATION

separate property transferred into the Trust retains its character as separate property and such separate property, including the property's income and proceeds from its sale or exchange remains separate property.

11.  I do not currently own any real property. My current residence at 2004 Greenleaf in Santa Ana, California ("Greenleaf Property") was purchased by my wife in 1996 before our marriage. In August of 2017, the Greenleaf Property was designated in the Trust documents as my wife's separate property. In September of 2017, I signed a series of deeds 1) transferring the Greenleaf Property from the trust to myself and my wife as joint tenants; and then 2) transferring all of my 50% undivided interest to my wife as her sole and separate property. My wife subsequently signed a deed transferring the Greenleaf Property to the Trust, as her Sole and Separate Property. In December of 2018, I signed a series of deeds in connection with a refinance of the Greenleaf Property. These deeds were signed on the same day and the final deed granted the property to my wife as her sole and separate property. My wife then signed a deed transferring the Greenleaf Property to the Trust, as her Sole and Separate Property and the Greenleaf Property remains designated in the Trust documents as my wife's separate property.

CONFIDENTIAL
PRIVILEGED SETTLEMENT COMMUNICATION

12.   I purchased the real property located at 2028 N. Victoria Drive, Santa
Ana, California ("Victoria Property") in the year 2000. Since at least
April of 2015, the Victoria Property was designated in the Trust
documents as community property. I signed an Interspousal Transfer
Grant Deed in December of 2018 in connection with a refinance
transaction that purported to transfer to the property to my wife as
her sole and separate property. In October of 2019, the Victoria
Property remained designated in the Trust documents as my wife's
separate property. My wife and I sold the Victoria Property as
trustees of the Trust in July of 2020 and split the gross proceeds
50/50. Other than minimal amounts that remain in my bank
accounts described in paragraph 7 above, my entire share of the
proceeds from the Victoria Property was spent to pay off attorney's
fees and other debts and expenses to third parties. None of my share
of the Victoria proceeds was paid to any entities that I or my wife
own, control or have any interest in.

13.   Currently, I do not own or control any of the property held in the
Trust (except for my community property interest in the $10.00)
Other than the transactions described above, neither I nor any trust
or other entity owned or controlled by me has transferred any assets

CONFIDENTIAL
PRIVILEGED SETTLEMENT COMMUNICATION

valued at $1,000 or more within the past three years to other individuals or trusts.

14. I am not a creditor of any debtor in the U.S. or anywhere else in the world.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ⟶⟨⟩, 2021 at Santa Ana, California.

_____

Ron Love

Case 8:23-ap-01010-MH   Doc 1   Filed 01/31/23   Entered 01/31/23 14:12:25   Desc
Electronically Filed by Superior Court of California, County of Orange, 10/12/2022 11:45:28 AM.
Main Document   Page 31 of 31
30-2022-01285835-CU-OR-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

John Shaw
Midori Shaw                                  **Exhibit E**
3632 Fellowship Road
Middleton, WI 53562
608-215-6083
*In Pro Per*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| John Shaw, an individual; Midori Shaw, an individual;, | CASE NO.: 30-2022-01285835-CU-OR-WJC |
| **Plaintiffs,** | **COMPLAINT FOR:** |
| v. | 1. Fraudulent Transfer In Violation Of The Uniform Fraudulent Transfer Act [Civil Code § 3439 Et Seq.]; |
| Ron Love, an individual; Dianne E. Davis an individual; and DOES 1-15. | 2. Common Law Fraudulent Transfer; |
| **Defendants.** | **Assigned for All Purposes** |
| | Judge Richard Lee |

## I.  PARTIES

1. Plaintiffs John Shaw and Midori Shaw are citizens and residents of Wisconsin.

2. Plaintiffs are the assignees of all right, title and interest of Shipshape Collective, LLC is a Wisconsin limited liability company to that certain Judgment entered against Ron Love in the United States District Court for the Central District of California in the action entitled *John K Shaw, et al. v. Ultimate Franchises, Inc. et al.* No. 8:18-cv-02273-JLS-ADS.

3. Defendants Ron Love and Dianne E. Davis are on information and belief a citizens and residents of California.

4. Plaintiffs do not know the true names and capacities of defendants sued as DOES 1 - 15, and therefore sue them by these fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities and the true names and capacities of other fictitiously named defendants after they are ascertained. Each fictitiously named defendant is responsible in some way for the occurrences alleged, and Plaintiffs' damages were proximately caused by these defendants.